SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
RICHARD SIMMONS, Cal. Bar No. 72666
rsimmons@sheppardmullin.com
JASON W. KEARNAGHAN, Cal. Bar No. 207707
jkearnaghan@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California  90071-1422
Telephone:  213-620-1780
Facsimile:  213-620-1398

RACHEL P. HOWARD, Cal. Bar No. 273968
rhoward@sheppardmullin.com
RAYMOND J. NHAN, Cal. Bar. No. 306696
rnhan@sheppardmullin.com
MICHAELA R. GOLDSTEIN, Cal. Bar No. 316455
mgoldstein@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067
Telephone: 310-228-3700
Facsimile: 310-228-3701

Attorneys for Defendants
ELITE LINE SERVICES, INC.; DAIFUKU
NORTH AMERICA HOLDING
COMPANY

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SHAW, on behalf of the State of California,<br><br>Plaintiff,<br><br>vs.<br><br>DAIFUKU NORTH AMERICA HOLDING COMPANY, ELITE LINE SERVICES, INC. and DOES 1-100, inclusive.<br><br>Defendants. | Case No.<br><br>[Sacramento County Case No. 34-2021-00301332-CU-OE-GDS]<br><br>**DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1146 (SUPPLEMENTAL JURISDICTION)**<br><br>Complaint Filed:  May 25, 2021 |

-1-

DEFENDANTS' NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Daifuku North America Holding Company and Elite Line Services, Inc. (collectively "Defendants") hereby remove the above-entitled action (*Shaw I*) from the Superior Court of the State of California in and for the County of Sacramento to the United States District Court for the Eastern District of California.  This Court has supplemental jurisdiction over Plaintiff's lawsuit under 28 U.S.C. § 1367(a).  This case and the class action *Shaw v. Elite Line Services, Inc.*, Case No. 2:21-at-00628 (E.D. Cal. filed July 1, 2021) (*Shaw II*), originally filed in this Court, concern the same alleged misconduct and specifically arise from the same exact alleged wage and hour violations.  *Shaw II* was filed by Plaintiff in this Court and, based on Plaintiff's allegations, is before this Court based on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A), because Plaintiff alleged that the aggregated claims in *Shaw II* exceed $5 million and there was minimal diversity.  Accordingly, removal of this action is proper based on the following grounds:

## BACKGROUND

1.     On or about May 25, 2021, Plaintiff Michael Shaw ("Plaintiff") filed a Complaint against Daifuku North America Holding Company and Elite Line Services, Inc. in the Superior Court of the State of California, County of Sacramento, Case No. 34-2021-00301332-CU-OE-GDS (the "*Shaw I* Compl.").  A true and correct copy of the *Shaw I* Summons and Complaint is attached hereto as **Exhibit A.**

2.     The underlying *Shaw I* Complaint purports to assert two causes of action based on the Private Attorneys General Act ("PAGA"), Cal. Labor Code §§ 2698, *et seq.* and Plaintiff's claims for relief in this action arise solely out of Plaintiff's employment with Defendant Elite Line Services, Inc. (and his allegation

that he was jointly employed by Daifuku North America Holding Company). Specifically, Plaintiff asserts two PAGA causes of action here. Plaintiff's first cause of action is pled as seeking penalties pursuant to Labor Code § 2699(a), which permits the recovery of civil penalties under PAGA for any provision of the Labor Code that provides for its own civil penalties.  Plaintiff's second cause of action is pled as seeking penalties pursuant to Labor Code § 2699(f), which permits the recovery of civil penalties under PAGA for any provision of the Labor Code that does not provide for its own civil penalties.  Within these two causes of action, Plaintiff seeks civil penalties under PAGA for alleged violations of the following Labor Code provisions:  sections 203, 204(a), 226(a), 226.3, 226.7, 512, and 558. With these allegations, Plaintiff factually claims that Defendants purportedly failed to compensate him and the aggrieved employees for all hours worked, did not provide him and the aggrieved employees with compliant meal and rest periods, and did not provide him and the aggrieved employees with compliant wage statements. (Ex. A, *Shaw I* Compl. ¶¶ 31-39).

3.    On or about July 1, 2021, Plaintiff also filed a Complaint against Defendants and Daifuku America Corporation in this Court ("*Shaw II* Compl.").  A true and correct copy of the *Shaw II* Complaint is attached hereto as **Exhibit B**. *Shaw II* is pending before the Honorable Dale A. Drozd of this Court, sitting in the Fresno Division of this Court.

4.    The *Shaw II* Complaint purports to assert nine causes of actions based on alleged violations of: (1) Labor Code § 204; (2) Labor Code §§ 1182.11, 1182.12, 1194, 1197, 1197.1; (3) Labor Code § 510; (4) Labor Code §§ 226.7 and 512; (5) Labor Code § 2802; (6) Labor Code § 226; (7) Labor Code §§ 201-203; (8) Labor Code §§ 1198.5, 432, and 226; and (9) California Business & Professions Code § 17200.  Based on these asserted Labor Code violations, Plaintiff alleges in *Shaw II*, among other things, that the defendants purportedly failed to compensate him and the putative class for all hours worked, did not provide him and the putative

-3-

class with compliant meal and rest periods, and did not provide him and the putative class with compliant wage statements.  Except for the eighth cause of action (which is only brought on an individual basis), all the claims asserted in *Shaw II* are brought on behalf of a putative class of current and former employees.  As Plaintiff alleged in the *Shaw II* Complaint, *Shaw II* was filed in this Court based on CAFA, which permits a class action to be filed in federal court if the alleged amount in controversy is at least $5 million and there is minimal diversity.  (*See* Ex. B*, Shaw II* Compl. ¶ 14.)

5.     Both *Shaw I* and *Shaw II* arise from alleged wage and hour violations during Plaintiff's employment with Defendant Elite Line Services, Inc. (with Plaintiff also alleging in *Shaw I* that he was jointly employed by Daifuku North America Holding Company and alleging in *Shaw II* that he was jointly employed by Daifuku North America Holding Company as well as Daifuku America Corporation).

### TIMELINESS OF REMOVAL

6.     On July 19, 2021, Plaintiff served Defendants and Daifuku America Corporation with a Summons and copy of the *Shaw II* federal court Complaint.  A true and correct copy of the Summons is attached hereto as **Exhibit C.**

7.     Defendants and Daifuku America Corporation timely answered the *Shaw II* federal court Complaint in this Court on August 9, 2021.  Attached hereto **as Exhibit D** is a true and correct copy of the answer in *Shaw II*.

8.     Separately, on July 27, 2021, Defendants timely answered the *Shaw I* Complaint in state court.  A true and correct copy of the state court Answer is attached hereto as **Exhibit E**.

9.     This Notice of Removal is timely as it is filed within thirty (30) days of the first receipt by a defendant of a copy of a paper that revealed this case was properly removable (in this case, on July 19, 2021 when Defendants were served with the *Shaw II* federal court Complaint).  *See* 28 U.S.C. § 1446(b).  Based on the

*Shaw II* federal court Complaint, which asserted claims arising out of the same alleged misconduct as the *Shaw I* Complaint, Defendants first became aware that this Court has supplemental jurisdiction over the claims in *Shaw I*.

### THE PAGA CLAIMS IN THIS CASE – *SHAW I* – FALL UNDER THE COURT'S SUPPLEMENTAL JURISDICTION[1]

10.     Under 29 U.S.C. § 1367(a), this Court has supplemental jurisdiction over any claim that is "derived from a common nucleus of operative fact and the nature of which a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Kuba v. 1-A Agric. Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004). Additionally, considerations of convenience, judicial economy, and fairness to the litigants strongly favor this Court exercising jurisdiction over the claims pled in this action. *See Executive Software v. U.S. Dist. Ct.*, 24 F.3d 1545, 1557 (9th Cir. 1994); *see also Pinnock v. Solana Beach Do It Yourself Dog Wash, Inc.*, 2007 WL 1989635, at *3 (S.D. Cal. 2007).

11.     As set forth above, *Shaw II* is pending before this Court based on Plaintiff's representation of CAFA jurisdiction in that case. For a removal petition, a court will accept allegations made in a plaintiff's complaint. *See Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363 (9th Cir. 1986) ("The amount in controversy is normally determined from the face of the pleadings."). Thus, the Court must accept Plaintiff's assertion in *Shaw II* that it is properly pending in federal court.

12.     Because Plaintiff filed *Shaw II* in federal court and the case is currently pending in this Court, *Shaw I* is properly removable to this Court. Here, this action (*Shaw I*) derives from the same alleged common nucleus of operative facts as *Shaw*

---

[1] It is an open question whether *Shaw I* involves a single cause of action or whether each alleged violation of the Labor Code involves a separate primary right. *Villacres v. ABM Indus. Inc.*, 189 Cal. App. 4th 562, 581 (2010). Based on Plaintiff's allegations in *Shaw I* and for this removal petition only, Defendants will treat *Shaw I* as being composed of separate primary rights, as set forth below. (Ex. A, *Shaw I* Compl. ¶¶ 48-61.)

*II*. This action is a PAGA action seeking to recover civil penalties relating to Plaintiff's former employment for alleged violations of: (1) Labor Code §§ 226(a), 226.3; (2) Labor Code §§ 226.7, 512, and 558; and (3) Labor Code §§ 203 and 204(a). (Ex. A, *Shaw I* Compl. ¶¶ 48-61.) Similarly, *Shaw II* asserts proposed class claims based on these same exact alleged wage and hour violations against the defendants in that action. (Ex. B, *Shaw II* Compl. ¶¶ 105-134.) *Shaw I* and *Shaw II* both assert that the defendants failed to compensate Plaintiff and a group of employees for all hours worked, did not provide Plaintiff and a group of employees with compliant meal and rest periods, and did not provide Plaintiff and a group of employees with compliant wage statements. The two cases are therefore based on a common nucleus of alleged operative facts.

13.    Moreover, *Shaw I* and *Shaw II* are brought against what equates to the same Defendants. This action – *Shaw I* – is brought against Elite Line Services, Inc. and Daifuku North America Holding Company, under the theory that they were both Plaintiff's joint employer. (Ex. A, *Shaw I* Compl. ¶ 18). *Shaw II* is also brought against Elite Line Services, Inc. and Daifuku North America Holding Company, although it adds Daifuku America Corporation as an additional defendant (again under the theory that these three entities were Plaintiff's alleged joint employers). (Ex. B, *Shaw II* Compl. ¶¶ 11-12). Accordingly, the claims in both cases all stem from Plaintiff's employment with Elite Line Services, Inc., but, importantly, even if Plaintiff is disputing who his actual employer was in these matters, it is the same employment at issue in each case.[2] Further, the existence of an additional defendant in *Shaw II* does not defeat the existence of supplemental jurisdiction here. After all, Elite Line Services, Inc. and Daifuku North America Holding Company – the

---

[2] *Compare Shaw I*, ¶ 14 ("Plaintiff was employed as a non-exempt mechanic by Defendants from approximately June 2020 through February 13, 2021…) to *Shaw II*, ¶ 5 ("Plaintiff was employed by Defendants for various projects as a mechanic from approximately June 2020 to February 2021).

defendants in this case – are also defendants in *Shaw II* and thus, the claims asserted against them in this case can properly proceed in this Court, along with the *Shaw II* claims.  In any event, under 28 U.S.C. § 1367(a), "supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."  "[S]o long as the state-law claims against one defendant 'constitute part of the same constitutional case as the federal claims against' a co-defendant, 'the district court has the power to exercise supplemental jurisdiction.'"  *Sacco v. APS Elec. Co.*, No. CV-20-01306-PHX-DWL, 2020 WL 6741540, at *1 (D. Ariz. Nov. 17, 2020) (ellipses omitted, quoting *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1174 (9th Cir. 2002)).

14.    Because these cases are so intertwined, on August 16, 2021, Defendants filed a Notice of Related Cases in *Shaw I* in Sacramento County Superior Court, listing the *Shaw II* federal court case as a related case.  Attached hereto as **Exhibit F** is a true and correct copy of Defendants' state court Notice of Related Cases in *Shaw I*.

15.    Similarly, along with this Notice of Removal, Defendants are filing a Notice of Related Cases in both this case and in *Shaw II* (both in the District Court, Eastern District of California), explaining that *Shaw I* and *Shaw II* are related.

16.    Moreover, removal is proper here because federal courts within the Ninth Circuit exercise supplemental jurisdiction over PAGA claims when the PAGA and proposed class claims concern the same alleged misconduct, as is the case here. *See, e.g., Blackwell v. Com. Refrigeration Specialists, Inc.,* No. 220CV01968KJMCKD, 2021 WL 2634501, at **5-6 (E.D. Cal. June 25, 2021); *Wellons v. PNS Stores, Inc.*, No. 18-CV-2913 DMS (WVG), 2019 WL 2099922, at *7 (S.D. Cal. May 14, 2019); *Vawter v. United Parcel Service, Inc.*, No. 18-1318, 2018 WL 4677583, at *1 (C.D. Cal. Sept. 26, 2018); *Thompson v. Target Corp.*, No. EDCV1600839JGBMRWX, 2016 WL 4119937, at *12 (C.D. Cal. Aug. 2, 2016) ("Plaintiff's PAGA and class claims concern the same misconduct by Defendant and

-7-

the PAGA claims are therefore properly within the Court's supplemental jurisdiction."). Like these other cases, supplemental jurisdiction is proper here.

17. Based on the analogous allegations in *Shaw I* and *Shaw II*, the Court has supplemental jurisdiction over Plaintiff's PAGA claims in this action. *See* 28 U.S.C. § 1367(a) ("district courts *shall* have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction as they form part of the same case or controversy under Article III of the United States Constitution." (emphasis added)); *see also Wellons*, 2019 WL 2099922, at *7 ("Electing to sever and remand Plaintiffs' PAGA claims would go against the values of judicial economy, convenience, and fairness."). Because this action only contains causes of action based on alleged violations of the PAGA, the Court has supplemental jurisdiction over this action in its entirety.

18. Moreover, none of the exceptions to supplemental jurisdiction found in 28 U.S.C. § 1332(c) are applicable to this case. Plaintiff's PAGA claims do not raise novel or complex issues of State law different from the class claims, they do not substantially predominate over the named Plaintiff's individual claims, the class claims have not been dismissed, and there are no exceptional circumstances or compelling reasons for declining jurisdiction. The exceptions enumerated in 28 U.S.C. § 1332(c) are the exclusive grounds under which the Court may decline to exercise supplemental jurisdiction. *See Executive Software*, 24 F.3d at 1556.

### VENUE

19. Venue lies in the Eastern District of California according to 28 U.S.C. §§1441(a), 1446(a), and 84(b). This action originally was brought in the Superior Court of the State of California, County of Sacramento. As such, this case should be removed to this Court's Sacramento Division. 28 U.S.C. § 1441(a).

20. Although Defendants must remove this case to the Court's Sacramento Division, it expressly reserves the right to move this case to the Court's Fresno Division since, as set forth above, it will relate this case immediately to *Shaw II*,

-8-

which is the lower numbered case. *See Tokio Marine & Fire Ins. Co. v. Nippon Express U.S.A. (Illinois), Inc.*, 118 F. Supp. 2d 997, 1000 (C.D. Cal. 2000) (holding defendant does not waive right to enforce forum selection clause to transfer venue after removing case to federal court). In the *Shaw I* and *Shaw II* Complaints, Plaintiff alleges that he worked as a mechanic in Bakersfield, California, which is located in Kern County, California. (Ex. A, *Shaw I* Compl. ¶ 26; Ex. B, *Shaw II* Compl. ¶ 20.) Under Local Rule 120(d), all "civil and criminal actions and proceedings of every nature and kind cognizable in the United States District Court for the Eastern District of California arising in [Kern County] shall be commenced in the United States District Court sitting in Fresno, California." As such, even though Plaintiff filed this action in Sacramento County, this suit is better venued in the Fresno Division because all of the underlying conduct occurred in the Fresno Division and because the relevant witnesses and evidence will be in that Division. Indeed, *Shaw II* is already pending before the Honorable Dale A. Drozd in this Court's Fresno Division.

### NOTICE OF REMOVAL

21. This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of Sacramento.

22. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on Defendants or filed by Defendants are attached hereto as the following exhibits, including the Summons and Complaint (**Exhibit A**), Answer (**Exhibit E**), and Notice of Related Cases (**Exhibit F**).

**WHEREFORE**, Defendants request that the above action pending before the Superior Court of the State of California for the County of Sacramento be removed to the United States District Court for the Eastern District of California.

-9-

Dated:  August 16, 2021          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By:                    /s/ Rachel P. Howard
                       RICHARD J. SIMMONS
                       JASON W. KEARNAGHAN
                       RACHEL P. HOWARD
                       RAYMOND J. NHAN
                       MICHAELA R. GOLDSTEIN

                       Attorneys for Defendants
                 DAIFUKU NORTH AMERICA HOLDING
                 COMPANY & ELITE LINE SERVICES,
                              INC.

-10-