UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SHAW,<br><br>  Plaintiff,<br><br>  v.<br><br>DAIFUKU NORTH AMERICA HOLDING COMPANY, et al.,<br><br>  Defendants. | No. 2:21-cv-01461-DAD-JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND GRANTING PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES<br><br>(Doc. No. 9) |

This matter is before the court on plaintiff's motion to remand this action to the Sacramento County Superior Court filed on August 31, 2021. (Doc. No. 9.) Pursuant to General Order No. 617 addressing the public health emergency posed by the COVID-19 pandemic, plaintiff's motion was taken under submission on the papers. (Doc. No. 10.) For the reasons explained below, the court will grant plaintiff's motion to remand.

**BACKGROUND**

Plaintiff's motion concerns whether this court can exercise federal jurisdiction over a removed Private Attorneys General Act ("PAGA") case based on the sole fact that a nearly identical Class Action Fairness Act ("CAFA") case is already pending before it.

Plaintiff has brought a PAGA claim seeking civil penalties on behalf of the state of California and allegedly aggrieved California employees of defendants Daifuku North America

1

1  Holding Company and Elite Line Services, Inc. ("defendants"). (Doc. No. 9-1 at 5.) Plaintiff
2  filed his original complaint in Sacramento County Superior Court on May 25, 2021. (Doc. No. 1-
3  1 at 3.) Defendants subsequently removed the action to this federal court on August 16, 2021.
4  (Doc. No. 1.) Defendants premised their removal on the basis that this court has supplemental
5  jurisdiction over this action pursuant to 28 U.S.C. § 1367(a) because a separate class action
6  dealing with the same facts, parties, and issues is already pending before this court. (*Id.* at 5.)
7  Plaintiff, arguing that supplemental jurisdiction cannot serve as a basis for removal, filed his
8  motion to remand on August 31, 2021. (Doc. No. 9.) On September 21, 2021, defendants filed
9  an opposition to plaintiff's motion to remand. (Doc. No. 12.) On September 28, 2021, plaintiff
10 filed a reply thereto. (Doc. No. 16.)

**LEGAL STANDARD**

12  "If at any time before final judgment it appears that the district court lacks subject matter
13 jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also Smith v. Mylan, Inc.*, 761
14 F.3d 1042, 1044 (9th Cir. 2014); *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997). "The
15 removal statute is strictly construed against removal jurisdiction, and the burden of establishing
16 federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy,*
17 *Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citation omitted); *see also Provincial Gov't of*
18 *Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the
19 burden of establishing that removal is proper."). As such, a federal court must reject jurisdiction
20 and remand the case to state court if there is any doubt as to the right of removal. *Matheson v.*
21 *Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Valdez v. Allstate*
22 *Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004). The defendant seeking removal of an action from
23 state court bears the burden of establishing grounds for federal jurisdiction by a preponderance of
24 the evidence. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

**ANALYSIS**

26 **A.     Motion to Remand**

27       Plaintiff has filed two separate actions. He has filed a CAFA action in federal court, over
28 which this court has original jurisdiction, and he has filed a PAGA action in state court, over

2

1   which this court does not have original jurisdiction. *See Guzman v. Peri & Sons Farms of*
2   *California, LLC*, No. 1:21-cv-00348-NONE-SKO, 2021 WL 3286063, at *3 (E.D. Cal. Aug. 2,
3   2021) (finding that federal courts do not have original jurisdiction over PAGA claims).  Plaintiff
4   did not file the two cases together.[1]

5   Defendants removed this PAGA action, contending that "[t]his case and the class action
6   *Shaw v. Elite Line Services, Inc.*, Case No. 2:21-at-00628 (E.D. Cal. filed July 1, 2021) (*Shaw II*)
7   . . . concern the same alleged misconduct and specifically arise from the same exact alleged wage
8   and hour violations." (Doc. No. 1 at 2.)  Defendants argue that removal was proper because the
9   court maintains supplemental jurisdiction over this PAGA action.  (*Id.*)  In moving to remand this
10  case, plaintiff argues that supplemental jurisdiction alone cannot serve as the basis for removal,
11  even if the two cases are nearly identical. (Doc. No. 9-1 at 8.)  In opposing plaintiff's motion for
12  remand, defendants ask the court to recognize an exception to the general rules of removal where
13  a plaintiff improperly splits his claim in an effort to "forum shop" and to allow removal based on
14  supplemental jurisdiction under such circumstances.  (Doc. No. 12 at 15–16.)

15  The court finds plaintiff's arguments to be persuasive.  The general removal statute
16  provides in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

21  28 U.S.C. § 1441(a).

22  "Thus, there can be no removal to federal court under Section 1441(a) in the absence of
23  original jurisdiction." *Ogaz v. Honeywell Int'l, Inc.*, No. 21-cv-740-JFW-KKx, 2021 WL
24  2822400, at *3 (C.D. Cal. July 7, 2021).  The district court in *Ogaz* concluded that in the context
25  of a PAGA claim, "supplemental jurisdiction is not the same as original jurisdiction and,

---

[1] After removing this action, defendants filed a motion to consolidate in the pending CAFA case, wherein they seek to consolidate that action with this one. *See Shaw v. Elite Line Services, Inc.*, No. 1:21-cv-01084-DAD-JLT, Mot. to Consolidate, Doc. No. 10 (E.D. Cal. Aug. 24, 2021). That motion has been stayed pending the outcome of the pending motion to remand at issue here.

3

therefore, cannot confer a right to removal." *Id.* at *3 (citing *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 31 (2002)). Here, as in *Ogaz*, where "a plaintiff files an action in state court with no federal question or diversity jurisdiction, the original jurisdiction necessary for removal under Section 1441 does not exist and the action cannot be removed." *Id.* at *4. Other courts—including this one—have held the same in different contexts. *See, e.g.*, *Bank of New York Mellon v. Palmer*, No. 1:17-cv-00707-DAD-SKO, 2017 WL 2791662, at *2 (E.D. Cal. June 28, 2017) ("Even where the court has jurisdiction over a related action, that does not provide a basis for supplemental jurisdiction over this action presenting a purely state law claim."); *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 294–95 (5th Cir. 2010) (concluding that supplemental jurisdiction is not a source of original subject-matter jurisdiction); *Sovereign Bank, N.A. v. Lee*, 968 F. Supp. 2d 515, 518 (E.D.N.Y. 2013) ("While the supplemental jurisdiction statute allows a district court to exercise jurisdiction over claims that are 'so related' that they 'form part of the same case or controversy,' 28 U.S.C. § 1367, that statute cannot form the basis for removal."); *Port Authority of New York and New Jersey v. Allianz Ins. Co.*, 443 F. Supp. 2d 548, 555 (S.D.N.Y. 2006) ("[S]upplemental jurisdiction cannot supply the original jurisdiction needed to remove a state court complaint under 28 U.S.C. § 1441(a)"); *McClelland v. Longhitano*, 140 F. Supp. 2d 201, 203 (N.D.N.Y. 2001) (finding that 28 U.S.C. § 1367 is not "an independent source of removal jurisdiction").

Defendants argue that the court should decline to follow these decisions because declining to exercise supplemental jurisdiction will encourage forum shopping and claim splitting. The court finds this argument unavailing. "[O]verlapping or even identical federal and state court litigation may proceed simultaneously . . . . The rule that permits simultaneous litigation in state and federal court of overlapping and even identical cases is deeply rooted in our system." *Noel v. Hall*, 341 F.3d 1148, 1159 (9th Cir. 2003). "Although abstention to avoid concurrent, duplicative litigation is available in some very limited circumstances . . . the general rule remains that stated in *Kline*." *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1151 (9th Cir. 2007).

> Each court is free to proceed in its own way and in its own terms, without reference to the proceedings in the other court. Whenever a judgment is rendered in one of the courts and pleaded in the other,

4

> the effect of that judgment is to be determined by the application of the principles of *res* [*judicata* and collateral estoppel] by the court in which the action is still pending in the orderly exercise of its jurisdiction, as it would determine any other question of fact or law arising in the progress of the case.

*Id.* (quoting *Kline v. Burke Constr. Co.*, 260 U.S. 226, 230 (1922)). Indeed, federal courts in California routinely allow PAGA and CAFA cases to proceed on their separate state and federal tracks, regardless of similarities between the two cases. *See, e.g.*, *Coffin v. Magellan HRSC, Inc.*, No. 19-cv-2047-BAS-NLS, 2020 WL 773255, at *3 (S.D. Cal. Feb. 18, 2020) ("It is unclear to the Court exactly why [plaintiff] filed two separate complaints . . ., but [plaintiff] does not dispute that *Coffin I* is properly in this Court, therefore, she does not appear to be attempting to stay out of federal court (or avoid CAFA) entirely."); *Guzman*, 2021 WL 3286063, at *4 (declining to consolidate CAFA and PAGA cases because there was no basis for the court's exercise of jurisdiction over the plaintiff's PAGA action). This parallel litigation is nothing new and does not warrant this court's creation of a novel rule that would undermine the clear understanding of original jurisdiction. Accordingly, the court will grant plaintiff's motion to remand.

**B.      Request for Attorneys' Fees**

Plaintiff also seeks attorneys' fees in this matter for the amount of $10,975.00. (Doc. No. 9-1 at 11.) "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, the court concludes that defendants' basis for removal was objectively unreasonable. The law compelling the remand of this action to state court is well established. Plaintiff should not be required to pay for defendants' desire to make an attempt to change long standing rules governing removal to federal court in the absence of original jurisdiction. Plaintiff's request for attorneys' fees will therefore be granted. Nonetheless, given the minimal briefing required on this issue and the lack of a hearing being held on the motion, the court will

decrease the award of attorneys' fees, as is within the court's discretion. *See Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1012 (N.D. Cal. 2001) ("A district court has broad discretion under [28 U.S.C. § 1447(c)]."); *see also Ebert v. Herwick*, 675 Fed. App'x. 863 (10th Cir. 2017) (Finding that the district court did not abuse its discretion in awarding a sum likely even less than the actual expenses and costs incurred).  The court will therefore award plaintiff $6,500.00 in attorneys' fees for being required to file his motion to remand this action.[2]

## CONCLUSION

For the reasons set forth above,

1. Plaintiff's motion to remand this action (Doc. No. 9) is granted;
2. Plaintiff's request for attorneys' fees (Doc. No. 9) is granted in the amount of $6,500.00;
3. This action is remanded to the Sacramento County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **November 29, 2021**

_____
UNITED STATES DISTRICT JUDGE

---

[2] This total amount in attorneys' fees is in line with hourly rates this court has approved in other cases before it. *See Emmons v. Quest Diagnostics Clinical Labs., Inc.*, No. 1:13-cv-00474-DAD-BAM, 2017 WL 749018, at *8 (E.D. Cal. Feb. 27, 2017) (approving rates between $370 and $495 for associates and $545 and $695 for senior counsel and partners in conducting a lodestar cross-check).  Here, plaintiff's counsel states that an associate spent 13.5 hours and a partner spent 1 hour on this matter.  (Doc. No. 9-2 at 3.)  Based on the hours expended by plaintiff's counsel and the rates this court has found to be reasonable, $6,500.00 constitutes a fair award of attorneys' fees in this action.

6